Eastern District of Kentucky
FILED

MAY - 1 2015

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:14-CV-402-KKC

CARLTON S. BULLARD                                                                        PLAINTIFF

v.                                     **OPINION AND ORDER**

OFFICE OF DISABILITY ADJUDICATION
AND REVIEW                                                  DEFENDANT

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the defendant's motion to dismiss this action or, alternatively, for summary judgment in its favor (DE 13). For the following reasons, the motion will be granted.

On July 11, 2005, the plaintiff filed an application for supplemental security income, alleging disability beginning February 19, 2005. (DE 13-1, ALJ decision.) By decision dated January 8, 2008, the Administrative Law Judge determined that the plaintiff was "disabled" for purposes of the Social Security Act beginning February 19, 2005 but that his disability ended on May 31, 2006 and, thus, he was only entitled to benefits until July 2006. (DE 13-1, ALJ decision.)

The plaintiff requested a review of that decision and, by notice dated November 1, 2011, the Appeals Council denied his request. (DE 13-1, Appeals Council Notice.) The council's notice explained to the plaintiff that he could seek judicial review of the ALJ's decision by filing a civil action. The council explained that the plaintiff had to file the action within 60 days from the date he received the council's notice. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). By letter dated December 31, 2012, the Appeals Council

granted the plaintiff 30 additional days to file the civil action. (DE 13-1, Appeal Council Letter.)

The plaintiff did not file this action until March 21, 2014. The 60–day limit set forth in 42 U.S.C. § 405(g) is not jurisdictional, but is a period of limitations subject to equitable tolling in an appropriate case. *Bowen v. City of New York*, 476 U.S. 467, 478, 480 (1986). However, "in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.'" *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir.2007) (quoting *Davila v. Barnhart*, 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)). Here, the plaintiff offers no reason for filing this action more than a year after the deadline. When a civil action seeking review of an ALJ's decision is not timely filed, then dismissal of the action is appropriate. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir.2007) (affirming dismissal of civil action seeking review of an AJL decision that was filed only one day after the deadline).

Thus, to the extent that he seeks judicial review of the ALJ's decision, his action must be dismissed because it is not timely.

It is not clear, however, that the plaintiff filed this action to obtain judicial review of the ALJ's decision. In his complaint, he asserts that one of the letters he received from the Appeals Council was a forgery and he refers to attempts by the Social Security Administration to cover up a "fraud." He states that he is seeking $500,000 and disability benefits. (DE 1, Complaint at 3.)

To the extent that the plaintiff is asserting a fraud claim, his claim must be dismissed for failure to state a claim. A fraud claim must be stated "with particularity." Fed. R. Civ. P. 9(b). While *pro se* pleadings may be held to a less stringent standard than those drafted by lawyers, courts have declined "to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

2

The plaintiff makes only a bare-bones assertion that the Appeals Council letter was a forgery. He does not state who committed the forgery, exactly what the forgery consisted of, or how he was damaged by it.

For all these reasons, the defendant's motion to dismiss (DE 13) is GRANTED and this action is hereby DISMISSED.

This 1st day of May 2015



Signed By:
*Karen K. Caldwell*
United States District Judge